## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

_____

**J.L.F.,**

     **Plaintiff,**

**vs.**                          **Case No:_____**

**CIGNA HEALTH AND LIFE
INSURANCE COMPANY,**

     **Defendant.**

_____

## COMPLAINT
_____

COMES NOW the Plaintiff, J.L.F. ("Plaintiff" or "J.L.F."),[1] and files this Complaint against the Defendant, Cigna Health and Life Insurance Company ("Cigna"), and for cause of action alleges as follows:

## INTRODUCTION

This matter involves Cigna's denial of payment for medical treatment rendered to Plaintiff that each and every treating physician and medical professional determined medically necessary for Plaintiff's health and safety.  Cigna refused to pay for medical treatment rendered to Plaintiff because Cigna claimed the treatment was not medically necessary.  In late 2017, Plaintiff was admitted to a residential 24 hour medical and psychiatric treatment facility.  Plaintiff's doctors had determined that Plaintiff presented a "high risk of self-harm or suicide" and that "a lesser level of care was not going to be effective due to the lack of emotional stability across [Plaintiff's] own

_____

[1] This matter involves personal health information of the Plaintiff of the utmost intimacy and, accordingly, Plaintiff has used a pseudonym in this Complaint.  Plaintiff has filed contemporaneously with this Complaint, under seal, a Petition for Permission to use a pseudonym and to file all documents in the case under seal.

behaviors, interpersonal relationships and failure to function in everyday life."

Cigna decided that this medical care that Plaintiff so desperately needed was not medically necessary. Cigna's determination was based upon opinions gathered from a document/file review instead of the opinions of the medical professionals tasked with Plaintiff's day-to-day care. Cigna recklessly and unabashedly refused to properly evaluate, consider, or even discuss Plaintiff's significant medical history of suicidal ideation and attempts. Critically, Cigna ignored the multiple opinions of Plaintiff's treating doctors that Plaintiff faced a high degree of risk of personal injury or death without the strict medical and psychiatric treatment recommended for Plaintiff.

Incredibly, Cigna also refused to follow the Plan's directions regarding the claims administration by refusing Plaintiff documents that would assist in reversing Cigna's position. Cigna denied her the opportunity to respond to Cigna's determinations of due to the numerous procedural violations of ERISA and the terms of the Plan. Moreover, Cigna refused to consider or address documents submitted by Plaintiff during the claim review and appeal. In effect, Cigna denied Plaintiff's claim for benefits without any significant deliberation or review and improperly denied Plaintiff the documents requested. Cigna led a clear effort to deny Plaintiff reimbursement for the medically necessary treatment recommended by all of Plaintiff's treating professionals and that ultimately saved her life.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, J.L.F., now is, and at all times relevant to jurisdiction was, a resident of Shelby County, Tennessee.

2.     Defendant, Cigna, now is, and at all times relevant to this action was, a Connecticut corporation, authorized to transact insurance business in the State of Tennessee and having its principal offices in Bloomfield, Connecticut. Cigna may be served process

through its registered agent for service of process, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

3.      Cigna is a fiduciary and third party administrator of the health and welfare benefit plan, group number *******, member ID ********* ** (the "Plan"), of which Plaintiff is an eligible beneficiary and that is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.,* ("ERISA").  The Plan delegated to Cigna the responsibility for administering and interpreting the Plan and Cigna is solely responsible for the denial of Plan benefits and other failures raised in this action.

4.      This action arises under ERISA, specifically 29 U.S.C. § 1132(a)(l)(B) and 1132(a)(3).  This court's jurisdiction is based on 29 U.S.C. § 1132(e)(l).

5.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) as the employee benefit plan that is the subject of this Complaint was entered into in Shelby County, Tennessee, the Plan was administered in Shelby County, Tennessee, and the breach complained of occurred in Shelby County, Tennessee.

## FACTS

6.      In December of 2017 and all times relevant to this action, Plaintiff was a beneficiary and participant of the Plan.  A copy of the Plan document containing the terms and conditions of the Plan is appended hereto, incorporated herein by reference, identified as Exhibit "A" to this Complaint, and hereinafter referred to as the "Plan."

7.      At all times relevant hereto, the Plan was and is an "employee welfare benefit plan" and "welfare plan" as defined by 29 U.S.C. § 1002(1), and all subparagraphs thereof.

8.      Plaintiff is a "participant" and "beneficiary" under the Plan, as defined by ERISA,

3

29 U.S.C. § 1001(7).  Plaintiff is, and was at all times material hereto, eligible to receive benefits pursuant to the  Plan.

9.      In December of 2017, Plaintiff was admitted to and received treatment from 3East at McLean Hospital located in Belmont, Massachusetts.  Plaintiff received residential 24 hour psychiatric and nursing care at 3East at McLean Hospital from December 17, 2017 through February 7, 2018 and a continuum of care at the McLean Hospital Cambridge Residence from February 8, 2018 through May 7, 2018.

10.     Plaintiff timely filed claims for benefits with the Plan for the services rendered from December 17, 2017 through May 7, 2018.  On January 4, 2019, Cigna denied Plaintiff's claim for benefits under the Plan.  On or about June 28, 2019, Plaintiff submitted a timely appeal pursuant to the terms of the Plan.

11.     On July 26, 2019, Cigna upheld its original denial of Plaintiff's claim.  In short, Cigna, without any basis, determined that Plaintiff's treatment was not medically necessary.

12.     To support its denial, Cigna concluded that Plaintiff did not have impairments in functioning across multiple settings such as work, home, school, and in the community, that clearly demonstrated a need for 24 hour skilled psychiatric and nursing monitoring and intervention.  Cigna also determined that less restrictive levels of care were available to Plaintiff for safe and effective treatment.

13.     Cigna also denied Plaintiff's claim for treatment for services rendered from February 7, 2018 through May 7, 2018 at the McLean Hospital Cambridge Residence on the basis that these services also were not medically necessary.  Cigna provided no further basis or explanation for the denial of these charges.

14.     Medical Necessity is defined by the Plan as follows:

Health care services, supplies and medications provided for the purpose of preventing, evaluating, diagnosing or treating a Sickness, Injury, condition, disease or its symptoms, that are all of the following . . . :

- required to diagnose or treat and illness, Injury, disease or its symptoms;
- in accordance with generally accepted standards of medical practice;
- clinically appropriate in terms of type, frequency, extent, site and duration;
- not primarily for the convenience of the patient, Physician or other health care provider;
- not more costly thank an alternative service(s), medications(s), or supply(ies) that is at least likely to produce equivalent, therapeutic or diagnostic results with the same safety profile as to the prevention, evaluation, diagnosis or treatment of your Sickness, Injury, condition, disease or its symptoms; and
- rendered in the least intensive setting that is appropriate for the delivery of the services, supplies or medications.  Where applicable, the Medical Director or Review Organization may compare the cost-effectiveness of alternative services, supplies, medications or settings when determining least intensive setting.

(*Plan, pp. 71–72*).

15.     Cigna's findings are not supported by any of the medical records or Plaintiff's extensive medical history.

16.     Further, Cigna failed to evaluate, consider, or discuss whether Plaintiff's treatment was medically necessary as defined by the terms of the Plan.  Instead, Cigna referenced requirements from Cigna's website entitled "Cigna Medical Necessity Criteria for Treatment of Behavioral Health and Substance Use Disorders," criteria that is not referenced in or by the Plan. In addition to a finding of Medical Necessity, these criteria purport to require: (1) a finding of impairments in functioning across multiple settings clearly demonstrating the need for 24 hour skilled psychiatric and nursing monitoring and interventions, and (2) a finding that less restrictive levels of care were not available for safe and effective treatment.  These additional requirements are simply not in the Plan, and Cigna's utilization of these additional requirements was unreasonable, arbitrary, and capricious.

17.     Cigna also failed to address Plaintiff's behaviors or diagnoses that were thoroughly

documented in her medical records and by her treating physicians and psychiatrists, all of which and whom supported a finding of medical necessity.

18.     Cigna failed to make a determination regarding the actual definition of medical necessity per the terms of the Plan.  Along with these failures, Cigna failed to analyze, discuss, or even mention the significant medical records submitted by Plaintiff or the complete medical history or personal statements of both Plaintiff's parents.

19.     The opinions of Plaintiff's treating doctors clearly support a finding that Plaintiff's treatment was medically necessary, and Cigna's refusal to consider these opinions was arbitrary and capricious.

20.     On November 26, 2019, Plaintiff timely sought an outside independent review through the Plan's appeal provisions.

21.     After completing the purported independent review and appeal process, Cigna again denied of benefits and upheld its determination that Plaintiff's treatment was not medically necessary.  Cigna did not reconcile, dispute, address, or even discuss the opinions of Plaintiff's treating physicians and medical professionals that opined Plaintiff's treatment was medically necessary.  Rather, Cigna concluded without any discussion of or citation to medical records that the treatment was not medically necessary.

22.     Throughout the above-described claims procedure, Cigna refused to provide Plaintiff with documents upon request on numerous occasions.  In fact, Plaintiff requested its claim file on or about November 5, 2019.  Cigna failed and refused to provide Plaintiff's claim file prior to the appeal being due on November 27, 2019.

23.     Plaintiff requested the claim file on over five (5) separate occasions so that she could address any deficiencies in the record, submit appropriate information in support of her

claim, and address and rebut any opinions from Cigna's retained medical professionals who determined her treatment was not medically necessary.

24.     On February 4, 2020, Cigna finally, after 2 months of requests and over a month after Plaintiff submitted her appeal, provided Plaintiff what Cigna deemed the claim file.  However, the documents produced were largely incomplete and insufficient, and most importantly, were produced after Cigna's retained reviewing organization completed its review and denied benefits.  To date, Cigna has failed to furnish Plaintiff the requested information relevant to her claim in compliance with ERISA.

25.     Further, Cigna refused to consider documents provided by Plaintiff in the processing of Plaintiff's claim.

### Relief Under ERISA

26.     This action is brought pursuant to 29 U.S.C. § 1132(a)(l)(b) to recover benefits justly due to Plaintiff under the Plan, to enforce Plaintiff's rights under the terms of the Plan, and to clarify Plaintiff's rights to future benefits under the Plan. This action is also brought pursuant to 29 U.S.C. § 1132(a)(3) by Plaintiff to enjoin the acts and practices of Cigna that violate ERISA and to obtain appropriate equitable relief to enforce the provisions and terms of the Plan and the applicable procedural requirements of ERISA, specifically 29 U.S.C. § 1133, 29 C.F.R. § 2560.503-1, and 29 U.S.C. § 1132(c).

27.     The above mentioned decisions denying Plaintiff the rights and benefits due her under the Plan notwithstanding medical evidence to the contrary were arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. Additionally, Cigna's acts and practices as described herein violate ERISA's procedural requirements. Plaintiff is entitled to benefits under the Plan and appropriate equitable relief.

28.     Cigna failed to comply with the terms of the Plan.  Cigna failed to provide Plaintiff with a full and fair review of Plaintiff's claim as required by 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 and failed to provide requested documents as required by 29 U.S.C. § 1132(c).

29.     Upon information and belief, Cigna has financial incentives to deny claims, and in particular, Plaintiff's claim, and, therefore, has a conflict of interest in determining whether a participant is entitled to benefits.

30.     Cigna allowed its concern over its own financial considerations to influence its decision-making so that it made an arbitrary and capricious determination that Plaintiff's claim for medical benefits was not covered under the Plan.

31.     Cigna's determinations through its representatives and agents were biased and predisposed to deny Plaintiff benefits.

32.     Plaintiff was not afforded due process by Cigna throughout the determination and appeals of Plaintiff's claim.  Plaintiff was deprived, among other things, the right to documents that were requested on numerous occasions. Plaintiff was not given the opportunity to respond to the determinations of Cigna due to the numerous procedural violations of ERISA and the terms of the Plan.  Additionally, Cigna refused to consider or address documents submitted by her during the claim review and appeals.

33.     As a direct and proximate result of the Cigna's actions, Plaintiff has been caused to incur attorneys' fees in an amount not now known to Plaintiff.

34.     As a direct and proximate result of the Cigna's actions, Plaintiff has sustained losses of benefits and damages in an amount not now known to Plaintiff but on information and belief, such losses of benefits and damages will approximate the

amount of benefits due Plaintiff in accordance with the Plan for medical services Plaintiff received from December 19, 2017 through May 7, 2018.

35.    Plaintiff timely appealed Cigna's denials of her claims for benefits pursuant to the terms of the Plan; therefore, Plaintiff has exhausted all of Plaintiff's administrative remedies under the Plan and ERISA.    To the extent Plaintiff inadvertently failed to exhaust all administrative remedies, such failure should be excused.   To require Plaintiff to exhaust administrative remedies would have been futile, because, among Cigna's other failures, Cigna consistently: (1) failed to address, consider, or even discuss the basis of its determination that Plaintiff's medical care was not medically necessary, (2) failed to address, consider, or even discuss the opinions of Plaintiff's treating medical professionals supporting Plaintiff's claim for benefits, (3) failed to provide Plaintiff relevant documents in Cigna's possess thus denying Plaintiff the ability to timely appeal or to address the substance of Cigna's adverse benefit determinations, (4) failed to provide Plaintiff a full and fair review as required by ERISA, and (5) failed to comply with the terms of the Plan.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests judgment against Cigna as follows:

1.    That Cigna be made to appear and answer this Complaint;

2.    That the Court Order Cigna to pay all benefits due to Plaintiff under the Plan;

3.    That the Court Award Plaintiff prejudgment interest on all benefits due her until the date of judgment;

4.    That the Court Award Plaintiff attorneys' fees under 29 U.S.C. §

1132(g)(l), court costs and all other reasonable costs incurred;

5.      That the Court enjoin any act or practice of the Cigna which violates any provision of ERISA.

6.      That the Court Award Plaintiff other appropriate equitable relief to redress violations of ERISA or to enforce any provisions of ERISA or the terms of the Plan, including, but not limited to, penalties pursuant to 29 U.S.C. § 1132(c).

7.      That the Court grant Plaintiff such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> **GLANKLER BROWN, PLLC**
>
> By: /s/ Don L. Hearn, Jr.
>      John I. Houseal, Jr. (#8449)
>      Don L. Hearn, Jr. (#22837)
>      Danielle Rassoul (#36911)
>
>      6000 Poplar Avenue, Suite 400
>      Memphis, Tennessee 38119
>      Phone (901) 525-1322
>      Facsimile (901) 525-2389
>
>      *Attorneys for Plaintiff*